698 So.2d 314 (1997)
Lauren YOUNG, Appellant,
v.
Peter YOUNG, Appellee.
No. 96-856.
District Court of Appeal of Florida, Third District.
July 30, 1997.
Rehearing Denied September 10, 1997.
Bailey & Jones, Miami, and Elizabeth S. Baker, Orlando, and Timothy Cone, Miami, for appellant.
Robert D. Hertzberg and Glen Widom, Miami; Deborah Marks, North Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
The former wife appeals from a final judgment of dissolution of marriage. For the reasons that follow, we affirm in part, and reverse in part.
The parties were married for seven years; during that time neither the husband nor the *315 wife earned any income. The husband's father paid the living expenses of the couple and their two children. In addition, during the marriage the husband's father transferred to the husband $1.9 million for servicesthe nature of which the record does not make clearthat the husband allegedly performed for his father before the couple married.
The trial court treated the $1.9 million as nonmarital funds, and the assets purchased with those funds as nonmarital assets. In so doing, the trial court erred. Marital assets include assets acquired "during the marriage, individually by either spouse or jointly by them ..." § 61.075(5)(a)(1), Fla. Stat. (1995). Such assets are presumed to be marital; the presumption is overcome only upon a showing of a special equity. § 61.075(7), Fla. Stat. (1995). See Heinrich v. Heinrich, 609 So.2d 94 (Fla. 3d DCA 1992). The husband failed to establish, by substantial competent evidence, a special equity in those funds and the assets acquired with them. Our opinion today requires the trial court, upon remand, to revisit all of its prior rulings regarding the distribution of property and the parties' financial obligations to each other.[1]
Finally, we reverse that portion of the order that prohibits either party from removing the children from Dade County without prior court order or written agreement of the parties. The restriction is premature, as neither party has sought to relocate. Moreover, the trial court failed to make any of the findings required to support such a residential restriction. See Mize v. Mize, 621 So.2d 417 (Fla.1993). Upon remand, the trial court shall strike that provision.
We affirm the remaining portions of the order on appeal, including the award of child support, to which the parties agreed.
Affirmed in part; reversed in part; remanded with directions.
NOTES
[1] We note that the portion of the trial court's order that imputes income to each party contains no factual findings, and the record contains no evidence to support that imputation of income.