PER CURIAM.
Caroline S. Harris, the mother of a child born out of wedlock, appeals a final judgment of paternity in which she was given primary residential custody of the parties’ child[1] and appellee, the father, was awarded visitation and ordered to pay child support. She contends the trial court erred in placing a relocation restriction in the final judgment. We agree and reverse.
A fair reading of the language contained in the trial court’s final judgment indicates that neither of the parties has a present intention to move from the Leon County, Florida area. We find that resolution of this issue is controlled by the Third District Court of Appeal’s recent decision in Young v. Young, 698 So.2d 314 (Fla. 3d DCA 1997), rev. denied, 707 So.2d 1128 (Fla.1998), a case decided after the trial court ruled in this matter. Therein, the Third District Court of Appeal stated:
[W]e reverse that portion of the order that prohibits either party from removing the children from Dade County without prior court order or written agreement of the parties. The restriction is premature, as' neither party has sought to relocate. Moreover, the trial court failed to make any of the findings required to support such a residential restriction. See Mize v. Mize, 621 So.2d 417 (Fla.1993). Upon remand, the trial court shall strike that provision.
Id. at 315.
However, we add parenthetically that our opinion does not preclude the trial *342 court from inserting a condition in the final judgment requiring the parties to advise the court if one or the other seeks to relocate from Leon County.
Accordingly, the cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and VAN NORTWICK, JJ., and CARITHERS, HUGH A., Jr., Associate Judge, concur.

. The 1997 legislature amended section 742.031, Florida Statutes, by adding subsection (2), which provides in pertinent part:
If a judgment of paternity contains no explicit award of custody, the establishment of a support obligation or of visitation rights in one parent shall be considered a judgment granting primary residential care and custody to the other parent without prejudice ...
Ch. 97-170, § 68, Laws of Fla.